IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| MICHAEL MONROE, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Case No. 2 09 CV 411 |
| SISTERS OF SAINT FRANCIS HEALTH SERVICES, INC. d/b/a ST. MARGARET MERCY | ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT & JURY DEMAND**

Comes now the Plaintiff, MICHAEL MONROE ("Monroe"), by counsel ROBIN G. REMLEY, of the law firm Law Offices of Robin Remley LLC, and Bridgett Repay of the law firm Dugan & Repay LLP, and alleges the following COMPLAINT against the Defendant SISTERS OF SAINT FRANCIS HEALTH SERVICES, INC. d/b/a ST. MARGARET MERCY ("Defendant"), and states as follows:

**Jurisdiction and Venue**

1. This is an action for the denial of equal employment opportunity, discrimination, failure to accommodate in violation of the Americans with Disabilities Act of 1990, 42 U.S.C.A. sections 12101 *et seq.*, violations of the Family Medical Leave Act ("FMLA"), 29 CFR 825.200 et seq., retaliation for exercising statutorily protected rights under these statutes, in addition to other state law claims.

2. Plaintiff Monroe is a citizen of the United States, residing in the City of Hammond, County of Lake, State of Indiana.

3. Defendant is a corporation organized and existing under the laws of Indiana and doing business in the State of Indiana in Hammond Indiana, County of Lake, State of Indiana.

4. Defendant is an employer subject to the provisions of the Americans with

1

Disabilities Act, the FMLA, employes 50 or more persons, and is engaged in a business affecting commerce as defined by the statutes.

5. At all times relevant to this Complaint, Plaintiff Monroe was employed by Defendant as a behavioral therapist and on-call therapist at locations in Lake County, Indiana, including but not limited to Hammond, Indiana and Dyer, Indiana.

6. Plaintiff Monroe timely filed a charge of discrimination with the Equal Employment Opportunity Commission alleging discrimination on the basis of disability, and retaliation and received a Notice of Suit Rights on September 26, 2009.

7. Jurisdiction and venue are vested in this Court pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C.A. sections 12101 *et seq.*..the Americans with Disabilities Act Amendments Act, and the Family Medical Leave Act ("FMLA"), 29 CFR 825.200 et seq.

### Count I- Discrimination on the Basis of Disability

8. Plaintiff repeats and realleges the allegations contained in rhetorical paragraphs 1 through 7 as if fully set forth in this Count I.

9. Plaintiff Monroe is a qualified person with a disability, to wit, Cerebral Palsy, and has had a steel rod implanted in his leg since early childhood.

10. Monroe is and was at all relevant times substantially limited in one or more major life activities, including but not limited to walking, and manual or other tasks involving or requiring finger or limb dexterity such as, but not limited to, typing.

11. Monroe has, and has had a record of cerebral palsy and impairments related to cerebral palsy since birth.

12. Defendants, through their officers and managers, have been aware of Plaintiff's disability since the time that he was first employed. Plaintiff further walks and at all relevant times walked with a noticeable limp.

13. Plaintiff Monroe was able to perform the duties of his position with appropriate and reasonable accommodations for his difficulty in walking and limb dexterity.

14. Monroe's duties involved meeting with patients and counseling these patients. As part of this, Michael's duties involved creating reports known as HAP 180 day reassessments and completing progress notes.

15. Monroe had requested unburdensome accommodations throughout his employment with Defendant to assist him in performing his job duties.

16. These requests included: obtaining an office in closer proximity to required destinations; asking that patients be brought to him to avoid walking to meet them; provision of a mailbox outside of his office door so he would not have to walk long distances to deliver or retrieve documents and mail; and being allowed to dictate progress notes and HAP reports rather than handwrite them.

17. These requests went ignored and/or were denied.

18. Despite denial of accomodation, during his employment, Monroe at times worked two jobs for the Defendant, increased grant revenues for the Defendant, and received good performance reviews.

19. On December 17, 2007, Monroe was injured on Defendant's premises when he slipped and fell in Defendant's parking lot.

20. When he reported the same to Defendant, Monroe was steered away from handling his injuries and related damages through worker's compensation means.

21. Instead, he was encouraged to seek treatment from his personal physicians.

22. After several weeks, Monroe then sought relief through worker's compensation avenues.

23. As a result of his fall, Monroe had suffered various injuries including a fractured

3

hip, requiring surgery.

]   24.   After his injury, Monroe returned to work in a wheelchair with certain restrictions.

25.   Upon returning to work in a wheelchair, Monroe requested that psychotherapy patients be brought to him so that he would not have to travel distances, and due to the fact that he was using a wheelchair. This request was not accommodated. He further did not receive any assistance with a mailbox close to his door or related accommodation, or assistance in form of dictating notes and HAP reports.

26.   Monroe continued to work, in pain, in a wheelchair, without accommodation.

27.   Monroe had various required doctor's and physical therapy appointments due to his injuries in conjunction with his cerebral palsy. He was told by Defendant supervisors that he had to reschedule these appointments, although they were set by employee health and were necessary for his treatment.

28.   Upon returning from an appointment on January 4, 2008, Monroe was then reprimanded.

29.   Due to the foregoing, Monroe went on medical leave.

30.   While on leave, Monroe received approval of worker's compensation benefits, on or about January 30, 2008.

31.   In late March, 2008, Monroe was provided with a medical release to return to work April 7, 2008.

32.   Monroe returned to work April 7, 2008 and was thereupon terminated.

33.   Reasons given for Monroe's termination included allegedly sleeping or appearing to be sleeping on the job, on a date when Defendant knew Monroe had suffered a hip/leg injury, was in a wheelchair, was already suffering from cerebral palsy, and was in pain; and

4

"professional incompetence" based on HAP 180 day reassessments purported to be due in January and deficiencies in progress notes.

34. However, upon information and belief, these HAP reports were not due until February, 2008. Further, had accommodations been provided as requested, said reports would have been completed. Additionally, but for the facts that Monroe had just recently suffered a fractured hip, was in a wheelchair and in significant pain, and had not been provided accommodation for this set of circumstances or or accomodation requested related to his cerebral palsy, these reports would have very likely been completed.

35. Defendant cites progress notes from 2006 in support of Monroe's termination.

36. However, Monroe's progress notes were never cited during his leave, and were note cited until his termination.

37. Monroe's most recent performance review of September 2007 made no mention of HAP 180 reassessments, progress notes, or performance issues.

38. During his employment with Defendant, Monroe received excellent reviews, increased grant revenues significantly, and often worked two jobs for Defendant, up to sixty (60) hours per week despite his disability and related limitations and despite receiving no accommodations.

39. However, after requesting and not receiving accomodation, after incurring a workplace injury, after filing worker's compensation benefits, and upon returning from FMLA and worker's compensation related leave, Monroe was terminated.

40. Similarly situated, non-disabled employees were not subject to discipline for related activities, and were not subject to termination. Said employees were not in need of accommodation, as was Monroe.

41. Monroe was subjected to heightened scrutiny and discriminated against based on

his disabilities, and was retaliated against for requesting accommodation, and complaining of the same.

42. Monroe was retaliated against and subject to heightened scrutiny for taking FMLA leave and/or exercising his rights under FMLA.

43. Monroe was retaliated against for seeking worker's compensation benefits and obtaining the same.

44. Monroe was unlawfully discriminated against on the basis of his disability in the terms and conditions of his employment by (among other things):

- subjecting plaintiff to higher levels of managerial scrutiny than similarly situated, non-disabled employees;

- refusing to allow Monroe to attend and/or retaliating against Monroe for attending required doctor's and/or physical therapy appointments,

- failing and refusing, despite knowledge of the plaintiff's disability and the nature of the accommodations required, to provide reasonable accommodations for plaintiff;

- being told that Defendants did not want him there in a wheelchair because it made patients "uncomfortable."

- failing and refusing, despite the in-pleas of the plaintiff as to the accommodations required for him to be able to efficiently complete progress notes and HAP reassessments;

- subjecting plaintiff to discipline for having allegedly failed to complete progress notes and HAP reassessments despite request for accommodation and despite performance reviews with no mention of the same;

- subjecting plaintiff to a higher level of disciplinary scrutiny than similarly

6

situated non-disabled employees;

- discussing plaintiff's health information in employee meetings;
- leaving him alone with clients despite his disability, and despite policy against this;
- harassing plaintiff on the basis of his disability
- terminating plaintiff's employment on the basis of the foregoing.

45. As a result of the foregoing actions, plaintiff has been damaged, has been unable to find similar employment, has sustained a loss of income and loss of benefits, has sustained emotional distress and will sustain a future loss of income and future loss of benefits.

WHEREFORE, Plaintiff MICHAEL MONROE prays for judgment in his favor and against the Defendant, and prays this court award back pay and benefits, front pay and front benefits, compensatory and punitive damages to the extent allowable by law, attorney's fees, expert fees and court costs.

_____
ROBIN G. REMLEY #22517-45
robinremley@comcast.net
One of the Attorneys for Plaintiff MICHAEL MONROE

Law Offices of Robin Remley LLC
900 Ridge Rd. Ste T
Munster, IN 46321
(219) 756-9600
Fax: (219) 836-1931

## Count II- FMLA VIOLATIONS

46. Plaintiff repeats and realleges the allegations contained in rhetorical paragraphs 1 through 45 as if fully set forth in this Count II.

47. Pursuant to the FMLA, Plaintiff was entitled to take up to twelve weeks of medical leave per year to tend to a serious health condition.

48. Monroe suffered from cerebral palsy, and then fractured his hip in or about December 2007, and then required surgery.

49. Consequently, he required minimal leave to attend doctor's and physical therapy visits and tend to his injuries.

50. Monroe was disallowed, prevented and/or discouraged from attending certain doctor's and physical therapy appointments necessary for treatment of his workplace injuries.

50. Monroe eventually required extended leave, but was released to return to work on April 7, ,2009.

51. During Monroe's FMLA leave related to his workplace injuries, Defendant subjected Monroe to heightened scrutiny and review by delving into his progress notes and HAP reassessments.Immediately upon his return from FMLA leave, he was terminated by Defendant.

52. Defendant's actions are in contravention of the Family Medical Leave Act, and in retaliation for taking protected FMLA leave.

WHEREFORE, Plaintiff MICHAEL MONROE prays for judgment in his favor and against the Defendant, and prays this court award back pay and benefits, front pay and front benefits, compensatory and punitive damages to the extent allowable by law, attorney's fees, expert fees and court costs.

_____
ROBIN G. REMLEY #22517-45
robinremley@comcast.net
One of the Attorneys for Plaintiff MICHAEL MONROE

Law Offices of Robin Remley LLC
900 Ridge Rd. Ste T
Munster, IN 46321
(219) 756-9600
Fax: (219) 836-1931

## Count III- UNLAWFUL RETALIATION FOR EXERCISING WORKER'S COMPENSATION RIGHTS

53. Plaintiff repeats and realleges the allegations contained in rhetorical paragraphs 1 through 52 as if fully set forth in this Count III.

54. Monroe was discouraged and steered away from seeking worker's compensation remedies.

55. After seeking proper remedy for his workplace injury, filing worker's compensation benefits, Monroe was harassed and subject to heightened scrutiny.

56. After receiving treatment via worker's compensation, receiving worker's compensation benefits and returning from leave related to his worker's compensation claim, Monroe was immediately terminated.

WHEREFORE, Plaintiff MICHAEL MONROE prays for judgment in his favor and against the Defendant, and prays this court award back pay and benefits, front pay and front benefits, compensatory and punitive damages to the extent allowable by law, attorney's fees, expert fees and court costs.

WHEREFORE, Plaintiff MICHAEL MONROE prays for judgment in his favor and against the Defendant, and prays this court award back pay and benefits, front pay and front benefits, compensatory and punitive damages to the extent allowable by law, attorney's fees, expert fees and court costs.

_____
ROBIN G. REMLEY #22517-45
robinremley@comcast.net
One of the Attorneys for Plaintiff MICHAEL MONROE

Law Offices of Robin Remley LLC
900 Ridge Rd. Ste T
Munster, IN 46321
(219) 756-9600

Fax: (219) 836-1931

### Jury Demand

Plaintiff demands trial by jury.

_____
ROBIN G. REMLEY #22517-45
*robinremley@comcast.net*
One of the Attorneys for Plaintiff MICHAEL MONROE

Law Offices of Robin Remley LLC
900 Ridge Rd. Ste T
Munster, IN 46321
(219) 756-9600
Fax: (219) 836-1931

10