```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION
```

MICHAEL MONROE,                    )
                                   )
            Plaintiff              )
                                   )
       v.                          )   Case No. 2:09 cv 411
                                   )
SISTERS OF SAINT FRANCIS HEALTH    )
SERVICES, INC. dba St. Margaret    )
Mercy,                             )
                                   )
            Defendant              )

## OPINION AND ORDER

This matter is before the court on the Emergency Motion for a Protective Order [DE 19] filed by the plaintiff, Michael Monroe, on November 18, 2010. For the following reasons, the motion is GRANTED.

### Background

The plaintiff claims that his employer discriminated against him based on his disability, cerebral palsy, and retaliated against him for complaining of the same and requesting accommodation. When the plaintiff arrived at his deposition on November 16, 2010, three of his former supervisors whose actions gave rise to his claims were present in the room. The parties' counsel disputed whether the supervisors could be present for the plaintiff's deposition. The parties contacted the court and were advised to file a motion. They then agreed to move the plain-

tiff's deposition to November 24, 2010, and the plaintiff's counsel filed this motion for a protective order to bar the presence of the plaintiff's former supervisors, Fidel Martinez, Linda Thompson, and Wanda Hurt, at the plaintiff's deposition.

## Discussion

Federal Rule of Civil Procedure 30(c) recently was amended to clarify that witnesses are not automatically excluded from a deposition at a party's request. See Jones v. Circle K Stores, Inc., 185 F.R.D. 223, 224 (M.D.N.C. 1999)(discussing the amendment to Rule 30(c)). Rather, the opposing party must obtain a protective order to bar another witness's presence. Lewis R. Pyle Memorial Hosp. v. Superior Court of Arizona, 717 P.2d 872, 877 (Ariz. 1986); Tolbert-Smith v. Bodman, 253 F.R.D. 2, 4 (D.C. Cir. 2008). It is within the court's discretion to issue a protective order to guard against "annoyance, embarrassment, oppression, undue burden or expense." Federal Rule of Civil Procedure 26(c)(1)(E). The moving party bears the burden of showing good cause to obtain a protective order. Gregg v. Local 305 IBEW, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(stating that the burden "rests upon the objecting party to show why a particular discovery request is improper."); 8 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §2035 (3d ed. 1998) (discussing that the party requesting the protec-

tive order must show good cause). Only a few courts have had opportunity to apply this standard to situations where one party seeks to involve non-parties in a deposition. See W.J. Dunn, Construction and Effect of Rules 30(b), (d), 31(d), of the Federal Rules of Civil Procedure, and Similar State Statutes and Rules, Relating to Preventing, Limiting, or Terminating the Taking of Depositions, 70 A.L.R. 2d 685 (1960). The courts addressing this matter generally have found good cause when the movant displayed that he would suffer a harm beyond what a normal litigant would experience. See e.g. Tolbert-Smith, 253 F.R.D. at 4. To show this, the movant must point to particular and specific demonstrations of fact, rather than make conclusory statements. Harrisonville Telephone Co. v. Illinois Commerce Commission, 472 F.Supp.2d 1071, 1078 (S.D. Ill. 2006); Tolbert-Smith, 253 F.R.D. at 4; Jones, 185 F.R.D. at 224.

In Tolbert-Smith, the plaintiff was suing her former employer for retaliatory discharge for engaging in protected equal employment opportunity activities. When the plaintiff arrived at her deposition, two of her former supervisors who were the center of her claims were present. The deposition was postponed, and the plaintiff moved for a protective order. Tolbert-Smith, 253 F.R.D. at 3. The court found good cause because the plaintiff's mental condition caused her to become stressed and her psychia-

3

trist believed that the stress from being deposed in the presence of her supervisors would evoke a severe reaction. Tolbert-Smith, 253 F.R.D. at 4. Other instances of good cause have included separating witnesses to prevent the possibility of one witness shaping the testimony of another, protecting trade secrets, and preventing intimidation of a witness. Adams v. Shell Oil Co., 136 F.R.D. 615, 617 (E.D. La. 1991) (granting a protective order to prevent intimidation of a witness at a deposition); Dade v. Willis, 1998 WL 260270, *2 (E.D. Pa. Apr. 20, 1998) (granting protective order because of risk that deponent's testimony may be influenced by attending other witness' deposition); Marshwood Co. v. Jamie Mills, Inc., 10 F.R.D. 386 (N.D. Ohio 1950)(granting motion to protect a trade secret). However, broad allegations that the parties whose presence is disputed treated the plaintiff adversely at work did not satisfy the standard. Jones, 185 F.R.D. at 224.

Courts addressing this issue have taken other matters into consideration, including the non-moving party's reasons for wanting to include the non-parties in the deposition and the potential prejudice to the parties. Central Hide & Rendering Co. v. B-M-K Corp., 19 F.R.D. 296 (Del. 1956)(excluding an individual where no sufficient cause for his presence had been suggested); Huber Baking Co. v. Frank C. Sparks Co., 76 A.2d 124, 125 (Del.

1950)(excluding witnesses from deposition where they would have been removed from the court room if at trial). In considering the defendant's reasons for wanting to include the non-parties, the courts have discounted the desire to facilitate more meaningful questions and the fact that the moving party previously has made unfounded allegations against the non-party when the moving party's health has become a factor. Tolbert-Smith, 253 F.R.D. at 4.

When a party moves for a protective order he must submit proof that he complied with Federal Rule of Civil Procedure 37(a)(1) and conferred with the opposing counsel to resolve the dispute before requesting court intervention. See also Local Rule 37.1. The requirement to meet-and-confer must be taken seriously, because "[b]efore the court can rule on a motion, the parties must demonstrate they acted in good faith to resolve the issue among themselves." See Robinson v. Potter, 453 F.3d 990, 994-95 (8th Cir. 2006) (citing Naviant Mktg. Solutions, Inc. v. Larry Tucker, Inc., 339 F.3d 180, 186 (3rd Cir. 2003)). See Shoppell v. Schrader, 2009 WL 2515817, *1 (N.D. Ind. August 13, 2009) (finding good faith certification of a single letter and a brief telephone conversation inadequate). Courts have broad discretion in determining whether the moving party has met the meet and confer component of Rule 37(a)(1) and Local Rule 37.1. Mintel

5

Intern. Group, Ltd. v. Neerghen, 2008 WL 4936745, *1 (N.D. Ill. 2008). In making this determination, the court will consider the totality of the circumstances. Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193 (N.D.W.Va. 2000). One correspondence can meet this requirement when it is detailed and continued contact would not likely have been successful in resolving the discovery dispute. Id. at 198. See also Alloc, Inc. v. Unilin Beheer B.V., 2006 WL 757871, *1 (E.D. Wis. 2006) (finding that several letters exchanged between the two parties satisfied the meet and confer requirement of Rule 37).

Here, the parties discussed the matter when they met for the plaintiff's deposition on November 16, 2010. After discussing their positions, the parties were unable to reach an agreement. The defendant faults the plaintiff for not engaging in a meaningful meet and confer conference because the parties did not cite to any law. However, the record reflects that the plaintiff's counsel called other counsel and confirmed her position. Given the brief time before the expiration of the discovery period, the parties' discussion at the deposition satisfies the meet and confer requirement.

As an additional preliminary matter, the defendant also complains that the plaintiff's motion was not timely filed. Discovery motions must be made in a timely manner to prevent

delay.  Generally this requires parties to move for a protective order prior to a deposition.  However, where one examiner is unaware that opposing counsel will appear at a deposition with additional parties, a subsequent motion will be considered reasonably filed.  Huber Baking Co. v. Frank C. Sparks Co., 81 A.2d 132, 133 (Del. 1951).  For this reason, the plaintiff's motion is timely.

Turning to the merits of the motion, the plaintiff was hospitalized from stress and depression stemming from his treatment by the non-parties the defendants wish to have present at the deposition.  Because of the plaintiff's history of depression, the presence of the supervisors could have an intimidating effect on his testimony and negatively impact the plaintiff's health.  See In re Shell Oil Refinery, 136 F.R.D. at 617 (excluding corporate representatives from a deposition because of their intimidating influence on the deponent's testimony).  The defendant has not offered any reason why the non-parties presence is necessary.  Rather, the record reflects that the supervisors' presence will intimidate the plaintiff, interfere with the accuracy of his testimony, and negatively affect his health.  See In re Shell Oil Refinery, 136 F.R.D. at 617; Dade, 1998 WL 260270 (excluding officers from a victim's deposition in a police brutality case because their presence would affect the accuracy

of the victim's testimony).  In light of these concerns, the plaintiff has shown good cause and his motion is GRANTED.

_____

For the foregoing reasons, the Emergency Motion for a Protective Order [DE 19] filed by the plaintiff, Michael Monroe, on November 18, 2010, is GRANTED.

ENTERED this 23rd day of November, 2010

                                 s/ ANDREW P. RODOVICH
                                    United States Magistrate Judge