UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MICHAEL MONROE,                    )
                                   )
          Plaintiff                )
                                   )
     v.                            )   Case No. 2:09 cv 411
                                   )
SISTERS OF SAINT FRANCIS HEALTH )
SERVICES, INC. dba St. Margaret )
Mercy,                             )
                                   )
          Defendant                )

OPINION AND ORDER

This matter is before the court on the Motion for Summary
Judgment on Plaintiff's Disability Discrimination Claim [DE 28]
filed by the defendant, Sisters of Saint Francis Health Services,
Inc., on March 28, 2011.  For the following reasons, the motion
is **GRANTED.**

Background

The plaintiff, Michael Monroe, worked as a therapist at St.
Margaret Mercy for five years.  Monroe was terminated from his
employment with St. Margaret Mercy on April 7, 2008.  Following
his termination, Monroe filed a charge of disability discrimina-
tion with the EEOC.  The EEOC decided not to pursue Monroe's
charge.  According to the EEOC records, a Dismissal and Notice of
Rights to Plaintiff was sent to Monroe, his counsel, and St.
Margaret Mercy's counsel on August 31, 2009.  St. Margaret Mercy

received its copy of the Notice on September 3, 2009.  Monroe's attorney stated in an affidavit submitted in response to St. Margaret Mercy's motion that he never received a copy of the Dismissal and Notice of Rights.  The date Monroe received his copy is in dispute.  Monroe filed his complaint on December 11, 2009.

On November 24, 2010, St. Margaret Mercy deposed Monroe. Monroe testified as follows:

> Q:   Now this is a — Exhibit 28 is a dis-
>      missal and notice of rights that
>      you received from the EEOC; correct?
>
> A:   Yeah.
>
> Q:   And you received it on or about Septem-
>      ber 5th, 2009?
>
> A:   Yeah, on or about.
>
> Q:   Okay. Within a day or two of September
>      5th?
>
> A:   Thereabouts.
>
> Q:   Within a day or two of September 5th?
>
> A:   Yes.
>
> Q:   Okay.

Monroe was presented with St. Margaret Mercy's copy of the Dismissal and Notice of Rights.  St. Margaret Mercy's copy was file stamped with the date it received the copy, September 3, 2009.  The bottom of the copy of the Notice presented to Monroe

2

at his deposition said "CC: St. Margaret Mercy" with a check mark
next to it.

Following Monroe's deposition, St. Margaret Mercy's attor-
neys contacted Monroe's counsel, asking him to voluntarily dis-
miss his claim under the Americans with Disabilities Act as
untimely.  After several attempts to persuade Monroe's counsel to
voluntarily dismiss the count, Monroe's counsel sent an errata
sheet changing Monroe's testimony.  Monroe intended to alter his
deposition testimony from stating that he received the EEOC
Notice no later than September 7, 2009, to stating that he
received it September 26, 2009, rendering his complaint timely.
St. Margaret Mercy proceeded to file this motion for summary
judgment, asking for the court to disregard the errata sheet and
dismiss Monroe's ADA claim as untimely.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(c), summary
judgment is proper only if it is demonstrated that "there is no
genuine issue as to any material fact and the moving party is
entitled to a judgment as a matter of law." *Celotex Corp. v.
Catrett*, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265
(1986); *Stephens v. Erickson,* 569 F.3d 779, 786 (7th Cir. 2009).
The burden is upon the moving party to establish that no material
facts are in genuine dispute, and any doubt as to the existence

3

of a genuine issue must be resolved against the moving party.
***Adickes v. S.H. Kress & Company***, 398 U.S. 144, 160, 90 S.Ct.
1598, 1610, 26 L.Ed.2d 142, 155 (1970); ***Stephens***, 569 F.3d at
786.  A fact is material if it is outcome determinative under
applicable law.  There must be evidence on which the jury could
reasonably find for the nonmoving party.  ***Anderson v. Liberty
Lobby, Inc.***, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d
202, 212 (1986); ***Stephens***, 569 F.3d at 786; ***Wheeler v. Lawson***,
539 F.3d 629, 634 (7th Cir. 2008).

Summary judgment is inappropriate for determination of
claims in which issues of intent, good faith, and other subjec-
tive feelings play dominant roles.  ***Ashman v. Barrows,*** 438 F.3d
781, 784 (7th Cir. 2006).  Upon review, the court does not evalu-
ate the weight of the evidence, judge the credibility of wit-
nesses, or determine the ultimate truth of the matter; rather,
the court will determine whether there exists a genuine issue of
triable fact.  ***Wheeler***, 539 F.3d at 634 (*citing* ***Anderson***, 477
U.S. at 248, 106 S.Ct. at 2510).

In deciding a motion for summary judgment, the trial court
must determine whether the evidence presented by the party
opposed to the summary judgment is such that a reasonable jury
might find in favor of that party after a trial.

> The inquiry performed is the threshold in-
> quiry of determining whether there is the

4

> need for a trial--whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

> [T]his standard mirrors the standard for a directed verdict under Federal Rule of Civil Procedure 50(a), which is that the trial judge must direct a verdict if, under the governing law, there can be but one reasonable conclusion as to the verdict.

> ***Anderson***, 477 U.S. at 250, 106 S.Ct. at 2511

*See also **Reeves v. Sanderson Plumbing Prods., Inc**.*, 530 U.S. 133, 149-151, 120 S.Ct. 2097, 2109, 147 L.Ed.2d 105, 120-122 (2000) (setting out the standard for a directed verdict); ***Celotex Corp**.*, 477 U.S. at 322-23, 106 S.Ct. at 2553; ***Stephens,*** 569 F.3d at 786; ***Argyropoulos v. City of Alton***, 539 F.3d 724, 732 (7th Cir. 2008) (stating that a genuine issue is one on which a reasonable fact finder could find for the nonmoving party); ***Springer v. Durfling-er,*** 518 F.3d 479, 483 (7th Cir. 2008)(stating that a genuine issue exists and summary judgment is inappropriate if there is sufficient evidence for a jury to return a verdict for the nonmoving party).

The Americans with Disabilities Act ("ADA") prohibits discrimination against an individual based upon such person's disability. 42 U.S.C. §12112(a). Before an employee may file a complaint alleging violations of the ADA, he must exhaust his administrative remedies. ***Elliott v. Dedelow***, 115 Fed. Appx. 881,

883 (7th Cir. 2004).  The plaintiff first must file a charge of discrimination with the Equal Employment Opportunities Commission.  *See Elliott*, 115 Fed. Appx. at 883; 42 U.S.C. §2000e-5. Then the EEOC either will choose to pursue the claim on the plaintiff's behalf or will issue a Dismissal and Notice of the Right to Sue.  42 U.S.C. §2000e-5.  If the EEOC dismisses the claim, the plaintiff has 90 days from receipt of the Notice to file a complaint with the appropriate court.  42 U.S.C. §2000e-5. The 90 day limitation is not a jurisdictional prerequisite, rather, it operates as a condition precedent, similar to a statute of limitations.  *Perkins v. Silverstein*, 939 F.2d 463, 469 (7th Cir. 1991).  The 90 days begins to run when the plaintiff or his attorney has actual receipt of the Notice.  *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850 (7th Cir. 2001). A complaint filed after the 90 days is time-barred and subject to dismissal.  *Dandy v. United Parcel Service, Inc.*, 388 F.3d 263, 270 (7th Cir. 2004).

The parties dispute when Monroe received his copy of the Notice from the EEOC, triggering the 90 day limitation to file his complaint.  Monroe testified at his deposition that he received the Notice within two days of September 5, 2009, rendering his complaint due on or before December 6, 2009.  Monroe contends that this statement was an error resulting from  an

ambiguous line of questioning.  Monroe submitted an errata sheet to correct his misstatement to say that he received the Notice September 26, 2009.

Federal Rule of Civil Procedure 30(e) states that the deponent must be permitted 30 days following the preparation of the deposition transcript to review the transcript and sign a statement listing any changes in the form or substance and the reasons why such changes are necessary.  Courts disagree whether Rule 30(e) permits substantive changes to the deponent's testimony.  *Moore v. Dixon*, 2007 WL 4376211, *2 (E.D. Wis. Dec. 12, 2007).  The Seventh Circuit has elected a narrow interpretation of Rule 30(e), only permitting corrections of typographical and transcriptional errors.  *Thorn v. Sunstrand Aerospace Corp.*, 207 F.3d 383, 389 (7th Cir. 2000).  "[A] change of substance is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'"  *Thorn*, 207 F.3d at 389; *Cowan v. Prudential Ins. Co. of America*, 141 F.3d 751, 756 (7th Cir. 1998) ("[A] deposition is the time for the plaintiff to make a record capable of surviving summary judgment - not a later filed affidavit.").  The Seventh Circuit only recognizes substantive changes that contradict the deposition testimony in limited circumstances, including when the change is submitted to clarify ambiguous or confusing testimony

7

or when the subsequent conflicting information is based on newly discovered evidence.  *See Cowan*, 141 F.3d at 756 (considering an affidavit because the deposition questions were confusing); *Shepherd v. Slater Steels Corp.*, 168 F.3d 998, 1004—05 (7th Cir. 1999) (considering a contradicting affidavit because the deposition was open to more than one meaning); *Moore*, 2007 WL 4376211 at *2.  However, the court must be careful that the corrections are not offered to create sham issues of fact offered to preclude entry of summary judgment.  *Cowan*, 141 F.3d at 756.

Monroe has not shown any ambiguities or confusion with St. Margaret Mercy's line of questioning or his responses.  Although Monroe states that St. Margaret Mercy presented the Notice as his own, creating confusion, Monroe's representation of the facts are not entirely accurate.  The deposition testimony more accurately reflects that St. Margaret Mercy's counsel asked Monroe "Now this is a — Exhibit 28 is a dismissal and notice of rights that you received from the EEOC; correct?".  (Pltf. Dep. p. 136: 4-5) Monroe responded affirmatively.  Monroe was not told that the Notice was his own, and the record does not reflect that he was denied an opportunity to inspect the document and deliberate before responding to St. Margaret Mercy's line of questioning. St. Margaret Mercy definitively asked Monroe whether the Notice he was presented with was his copy, leaving no room for ambigu-

ity.  Furthermore, Monroe has not presented any evidence of
misrepresentation on St. Margaret Mercy's behalf.  In fact, the
Notice St. Margaret Mercy presented to Monroe clearly stated at
the bottom "CC: St. Margaret's" with a check mark next to it.
Monroe's failure to inspect the Notice and deliberate before
responding does not provide grounds upon which to permit change
to the substance of his deposition.  A deposition is not a take
home exam, and absent some indication of ambiguity created by St.
Margaret Mercy, Monroe has not established that he is entitled to
change the substance of his deposition testimony.

St. Margaret Mercy proceeded to ask Monroe whether he
received the Notice within two days of September 5, 2009, a date
that did not appear anywhere on the Notice St. Margaret Mercy
presented at Monroe's deposition.  The court acknowledges that
the date stamp may have created some confusion if Monroe believed
the Notice was his own and that the date stamp bore some rela-
tionship to the date he received his copy of the Notice, an
argument that Monroe did not make.  Monroe has failed to explain
fully the source of his confusion.  Monroe does not argue that
his Notice similarly was date stamped with the date two to four
days before he actually received the Notice, creating the confu-
sion, or why he believed he received the Notice by September 7,
if he did not receive it until September 26.  If Monroe truly

9

believed the copy was his own and was unsure where the date stamp came from, what the date stamp reflected, or what date he received the Notice, as his attorney indicates is obvious given his hesitation to give an affirmative answer, Monroe could have responded that he was unsure or did not know.  St. Margaret Mercy's questions were clear and straight forward, and nothing in the transcript reflects otherwise.  St. Margaret Mercy did not represent that the document was Monroe's copy, rather, St. Margaret Mercy engaged in a clear and straightforward line of questioning.  Monroe's failure to consider his responses does not provide grounds upon which to change his substantive testimony.

In any case, Monroe's attorney's failure to object to the line of questioning at the deposition also is fatal to Monroe's argument.  Federal Rule of Civil Procedure 32(d)(3) explains that an objection to the competence, relevance, or materiality of testimony is not waived by a failure to object at the deposition unless the ground for it might have been corrected at the time of the deposition, but an objection to an error or irregularity is waived if

> (i) it relates to the manner of taking the deposition, the form of a question or answer, the oath or affirmation, a party's conduct, or other matters that might have been corrected at that time; and
>
> (ii) it is not timely made during the deposition.

10

Monroe specifically complains that St. Margaret Mercy should not have referred to the Notice as the Notice "you" received, referring to Monroe.  He argues that presenting the Notice in this fashion with the date stamp created confusion over whose Notice the one presented at the deposition actually was and when it was received.  Monroe's objection is best classified as an objection to the form of the question, which, if raised at the deposition, could have been corrected.  If Monroe's counsel would have objected to the form of this question at the deposition, St. Margaret Mercy could have re-phrased the question to resolve any ambiguity, but because he did not do so, Rule 32(d)(3) prohibits Monroe from now objecting to the form of the question.  Counsel also could have attempted to clarify the issue on cross-examination, but did not.

In light of these shortcomings, Monroe is unable to establish that he received the Notice on September 26, 2009, rather than within two days of September 5, 2009, as he testified at his deposition.  Because the court must assume that Monroe received the Notice by September 7, 2009, his complaint was due on or before December 6, 2009.  Therefore, his complaint, filed December 11, 2009, was untimely and Monroe has not satisfied the prerequisites to raising a claim under the ADA.

_____

Based on the foregoing, the Motion for Summary Judgment on Plaintiff's Disability Discrimination Claim [DE 28] filed by the defendant, Sisters of Saint Francis Health Services, Inc., on March 28, 2011, is **GRANTED.**  Monroe's other allegations remain pending.

ENTERED this 21st day of September, 2011


                              s/ ANDREW P. RODOVICH
                                United States Magistrate Judge

12